Case 1:22-vv-00336-UNJ   Document 54   Filed 07/18/25   Page 1 of 3

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 23, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DOROTHY POHL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-336V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On March 29, 2022, Dorothy Pohl ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on September 8, 2020. Petition at Preamble (ECF No. 1). A decision based on stipulation issued on August 29, 2024. Decision Based on Stipulation dated Aug. 29, 2024 (ECF No. 43).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On February 13, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed Feb. 13, 2025 (ECF No. 48). Petitioner requests compensation in the amount of $66,789.25, representing $39,514.30 in attorneys' fees and $27,274.95 in costs. Id. at 1. Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. at 1-2. Respondent filed his response on February 27, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Resp. Response"), filed Feb. 27, 2025, at 2 (ECF No. 49). Petitioner filed a reply on February 28, 2025, reiterating her request for attorneys' fees and costs. Pet. Reply to Resp. Response, filed Feb. 28, 2025 (ECF No. 50). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $441.00 per hour for work performed in 2022, $463.00 per hour for work performed in 2023, and $486.00 per hour for work performed in 2024; for Mr. Richard Armada, $441.00 per hour for work performed in 2023 and $463.00 per hour for work performed in 2024; and for Mr. Mike Milmoe, $553.00 per hour for work performed in 2023 and $584.00 per hour for work performed in 2024. Petitioner also requests the following rates for work of their counsel's paralegals: $165.00 per hour for work performed in 2021, $173.00 per hour for work performed in 2022, $181.00 per hour for work performed in 2023, and $190.00 per hour for work performed in 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.[3] Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.[4]

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

---

[3] The undersigned will not deduct Petitioner's fees request for billing entries for noncompensable tasks because she finds the overall amount requested reasonable. However, counsel is again warned against billing for filing documents in the future. The undersigned may deduct for this in the future.

[4] The undersigned finds Dr. David Simpson's expert report of high quality and finds his total amount billed reasonable based on the complexity of the case. Thus, the undersigned will award it in full. However, in making this finding, the undersigned does not endorse a rate of $800.00 per hour for Dr. Simpson.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $66,789.25, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>/s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.